Dickman, J.
This action is based upon section 4748 of the Revised Statutes of Ohio, which provides as follows: “ If any person or corporation obstruct, unnecessarily, any public road or highway authorized by any law of this state, or permit any timber, lumber, wood, or other obstructions to remain upon or across the same, to the hindrance or inconvenience of travelers, or any person passing along or upon such road or highway, every person or corporation so offending shall forfeit and pay, for every such offense, any sum not exceeding twenty nor less than two dollars, and shall be liable for all damages arising to any person from such obstruction, or injury to such road or highway, to be recovered by an action at the suit of the trustees of the township in which the offense is committed, or of any person suing for the same before a justice of the peace within the county where the offense is committed, or by indictment in the court of common pleas in the proper county; every twenty-four hours such person or corporation, after being notified, suffers such obstruction to remain, shall be deemed *524 an additional offense against the provisions of this section; and all fines accruing under this section, when collected, shall be paid to the treasurer of the township in which the offense was committed, and. be applied by the trustees to the improvement of roads and highways therein.” It is contended in behalf of the defendant, that an action to recover the penalty imposed by this section may be maintained by the trustees of the township, but not by a private individual. We do not think that the language of the section is to be so construed.- While the person placing or permitting the obstruction to remain upon the highway is held to be liable for all damages arising to any one from such obstruction, he is also subjected to the prescribed penalty, to be recovered by an action at the suit of the trustees of the township or of any person suing for the same. An action for damages alone might prove a very inadequate remedy, as a highway might be obstructed to the great hindrance and inconvenience of the traveling public, without the infliction of positive damage or injury upon travelers. But there will be a strong guaranty for a safe and unobstructed road, by giving a right of action to recover the statutory penalty, not only to the trustees of the township, but to any person who may take enough interest in the public convenience and safety to institute legal proceedings. We are of opinion, that the words, “ at the suit of any person suing for the same,” have more particular reference to the recovery of the penalty, provided for by the section, by an action before a justice of the peace. This interpretation of the language of the statute becomes obvious, by recurring to past legislation in pari materia. The act for regulating roads and highways, passed February 6, 1832.
Chase’s Stat., vol. 3,1917, provides, that if any person shall obstruct any public road or highway, “ Every person so’ offending shall, for every such offense, forfeit and pay any sum not exceeding twenty dollars nor less than two dollars, to be recovered by an action of debt, at the suit of any supervisor or other person suing for the same, before any justice of the peace within the county where such *525 offense was committed.” And in Bittle v. Hay, 5 Ohio, 270, which was a suit by a supervisor for the penalty for obstructing a road, the court say: “The section under which the action is brought subjects the person who obstructs a public road to’ not less’than two, nor more than ten dollars penalty, and authorizes a supervisor to sue for and recover the amount before any justice, unless some other person may have sued for and recovered the same.”
But, the -alleged obstruction of the county road for -which the plaintiff brought his action in the court below, does not come within the purview of the section of the Revised Statutes now under consideration. The obstruction must amount to an actual hindrance or inconvenience of travelers, or of any person passing along or upon the road or highway. There must be a real impediment to the free use of the highway" — a real obstacle that hinders and incommodes those who travel or pass along the road; Ingersoll v. Herider, 12 Ohio, 527. The statute is penal, and if the encroachment by a fence upon the highway is of such a nature that no one using the highway is practically incommoded ; if the highway, notwithstanding, meets all the requirements of public travel and convenience, the obstruction is not such as is contemplated by the' statute. The fence, too, may be subject to removal by the supervisor of the district into its proper place, while as an encroachment upon the highway, it may not be sufficient to incur the statutory penalty. The record in this case shows, that the road in controversy — on the opposite sides of-which lay the lands of plaintiff and defendant — was laid out and established, with a width of forty feet, in the fall of 1851, over a lane or “passway” running along or near the middle dividing line, of section twelve. The fences along this “passway” remained unchanged until the spring of 1859, when, after a survey made by the county surveyor, they were moved by the adjacent land-owners to the places they occupied at the commencement of this action. . Since the year 1859, the defendant has not moved his fences except to repair them or re-set them in their then *526 position. No one resides on the road in controversy, save a son of the defendant. He and the defendant travel over it, but there is little or no travel over it by other people. The road is thirty feet wide, except where the plaintiff made it narrower by moving out his fences. From the evidence embodied in the bill of exceptions, we are satisfied, that the fences as moved and set by the adjacent property owners in the spring of 1859, have not, within the meaning of the statute, caused the hindrance or inconvenience of travelers or persons passing along the road in controversy. The judgment of. the district court must be affirmed.

Judgment accordingly.